Good afternoon, Your Honors. May it please the Court, Richard Whitney representing the defendant appellant in this case, Jeremiah Howard. In this appeal, I am asking this Court on de novo review to uphold the most basic tenet of the one-act, one-crime doctrine as originally set forth by our Supreme Court in People v. King, that a criminal defendant may not be convicted of multiple offenses when those offenses are based on precisely the same physical act. In Count 5 of the Third Amended Information, my client Jeremiah Howard was convicted of identity theft based on evidence that on August 14, 2014, in Bond County, he knowingly possessed personal identification documents or identifying information of three or more individuals, knowing that the items were stolen. In Count 7, he was convicted of aggravated identity theft based on evidence that on the same date, in the same county, he knowingly possessed personal identification documents or identifying information of three or more individuals with the intent to commit a felony and in furtherance of the activities of an organized gang. As the State made abundantly clear in its closing argument, both of these counts were based on evidence of this exact same physical act. Mr. Howard was the one caught holding the proverbial bag, the single white bag, recovered adjacent to his seat in the van when he and his associates were apprehended. The Third Amended Information did not identify the names of any specific victims or in any way differentiate between two distinct sets of three or more individuals, nor did the State at any time suggest that he possessing, for example, the documents of Tricia, Donna, and Vanessa, while Count 7 was based on him possessing the documents of Garrett, Daniel, and Claire, etc. In both counts, he was convicted because he possessed one bag containing the personal IDs of an undifferentiated three or more people at one time, in one place, when the van in which he and his associates were traveling were pulled over on the highway after departing Greenville, Illinois. The only difference between Count 5 and Count 7 is the mental element. In Count 5, he possessed the bag knowing that the items were stolen, and in Count 7, he possessed the same bag with the intent to commit a felony and furtherance of gang activity. But the physical act was the same. Therefore, under a straightforward application of King, he cannot be convicted of both offenses, and Count 5, the less serious of the two, must be vacated. The State cannot deny this, so its response has been to release an entire school of red herring, hoping that this Court will follow one of them to the conclusion of affirming all seven convictions. As explained in detail in our reply brief, the State cites numerous cases that are an apposite, because in each one of them, the defendant was charged with separate offenses that were either committed at different times and places, or were committed against different specified victims. In its recent motion to cite additional authority, which we did not object to, it adds another fish to the aquarium, but the species is still red herring. In People v. Coates, the case cited, the defendant was caught possessing two items, a handgun and a bag, which in turn contained a number of other bags of crack cocaine and heroin. He was convicted of both armed habitual criminal, based on his possession of the handgun, and armed violence based on his possession of both the handgun and the handgun, and of illegal narcotics. As the Court summarized in paragraph 17 of the opinion, and I'm quoting, the facts of this case reveal that defendant's conduct consisted of two physical acts, possession of the handgun and possession of the drugs. Although the two offenses shared the common act of possession of the handgun, which served as a basis of both convictions, defendant's armed violence conviction involved a separate act, possessing the drugs. That act was only applicable to the armed violence offense. Since the possession of the handgun was only part of the conduct which formed the basis for the separate armed violence conviction, the two offenses were not carved from precisely the same physical act. We do not have a similar fact pattern in the case before you. There was one physical act in possession of one bag, which served as the single identical factual predicate for two offenses, running afoul of the one act, one primal. If anything, Coates reaffirms the continued vitality of King in distinguishing it, under which count five must be vacated. In addition, I would suggest to you that this case is controlled as I set forth in the opening brief by People v. Harvey, a 2004 decision of our Supreme Court, where the court held that the possession of more than one item at the same time does not provide a basis for multiple convictions where the possession of more than one item is an element of the offense, just as we have in our case, three or more individuals was an element of both Harvey was almost identical. The only difference was that the defendant in that case was convicted of four counts of unlawful possession of four stolen vehicles and one count of aggravated possession of stolen motor vehicles relating to the same four motor vehicles. The court concluded that possession is an act, but it added that while aggravated possession requires proof of an additional element, namely that the defendant possessed three or more stolen vehicles at the same time or within a one-year period, that is not a separate act of the defendant. This is merely an element of an additional offense that can be established by defendants overlapping acts of possession. So this is controlling authority here because unlike identity theft and aggravated identity theft, here we have identity theft and aggravated identity theft, but both of them are based on the same predicate. They're based on a predicate of having possession of three or more, and if it's still based on the same physical act, then the one act, one crime rule doctrine clearly applies and the less serious offense has to be vacated. The only thing that's different, as in Harvey, was the mens rea element, and that does not require proof of another physical act. With that, Your Honors, if there's no questions from the bench, I'll reserve my any remaining comments for you both. I don't think there are. Thank you, Counsel. Thank you. Counsel? Thank you, Your Honor. Your Honors, Counsel, may it please the Court, Kelly Stacey appearing for the State. At issue here, as Counsel indicated, are Counts 5 and 7 of the State's third amended complaint in this case. Count 5 is a possession count. It concerns possession of personal identifying information of three or more individuals knowing said items are possession of personal identification information of three or more individuals, but it has an added element with the intent to commit a felony and in furtherance of an organized gang. So if there are red herring here, the State did not add those to the aquarium. The defense did. Last month in People v. Coates, the Illinois Supreme Court reviewed the one act, one crime doctrine. There, the Court reiterated that the first step in the analysis, which is where defense is asking this Court to stop there, that's not what this Court actually is to do, but that first step is to determine whether the defendant's conduct consists of one act or several acts. The Court noted a defendant can be convicted of two offenses, and I realize this part of the argument sounds very similar to what the defense says. The issue is the State is informing you of the accurate state of the law, but a defendant can be convicted of two offenses if they share a common act, as long as there is an additional act that can support a separate offense. So what is that separate offense here? We do not have two counts of identity theft that are at issue. There was an additional identity theft count, and the Court determined it was a lesser included count five. That was count six, and the Court did away with that count. But in this case, we've got a possession act, having the stolen items of three or more individuals. The next part on activated identity theft is actually using it. And how did they use it? They committed a forgery. There were two convictions for forgery. Not only did they use these identifying documents and information of other people to commit a forgery, but it was also in furtherance of an organized gang. I think this is where the defendant did not understand where the State was going in its brief. The State spelled out how many victims we have and that we cover six states here. So the intent of that is to show these cannot be simultaneous acts occurring at the same time, because all of these people can't be in all of these states at one time. So because the counts share a common element, that is the possession of the identification information of three or more people, and because the aggravated identity theft has the additional element of using that information to commit a felony, again here that's forgery, and in furtherance of organized gang activity, we only have one act, one crime here. We have two separate crimes, two separate offenses were proven, and under the second step of the abstract elements test, this Court determines whether or not any of those counts are lesser included offenses. And here it sounds like what the defendant is trying to get this Court to do is to go back or revert to the charging offense test, which is no longer the law. It's the abstract elements test, and it's the abstract elements test of what is contained in the statute. Under the statute, because the State proved under Count 7 that the additional elements of using this stolen information to commit a felony, and in furtherance of organized gang activity, we do not have an issue under the abstract elements test. So again, we have one count that is more of a possession count, and one that is possession plus use and furthering organized gang activities. The Court below had no issue with determining when you have a one act, one crime issue, because it did determine that Count 6 was a lesser included count, 5. So those counts actually merged. So in this case, I believe the case law that we've cited may not be particularly on point with respect to possession versus use, but that is what we have here. Diverging counts, the main thing in common is the possession, but because we have more than possession in Count 7, there's no violation of one act, one crime. And if Your Honors have nothing for me, then I will ask you to affirm, and thank you. Thank you, Counsel. Counsel? Yes, thank you, Your Honors. Just very briefly, what I did not hear in the State's argument was any explanation whatsoever as how referring to Count 7, the intent to commit a felony in furtherance of the activities of an organized gang is another physical act. It's not. It's simply a different mental element pertaining to the same physical act. Unless the State can show how that different element is another physical act, the State's argument clearly has to fail. It's not saved by referring to the abstract elements test. I did note in the, I believe it was the opening brief, that there is an exception to the one act, one crime doctrine where there's a statutory provision to the contrary, which I believe is what Counsel is referring to. But you then have to pose the question, well, does the statutory language in question permit multiple convictions in the manner alleged and proved by the State? And that's part of the key language here. The way this was charged under the Identity Theft Statute, and we provide the cites in the brief, there is no language at all. There's no language that in any way makes this case comparable to People v. Carter or People v. Ahman, which were the case, the firearms cases where the statute clearly does permit multiple convictions for the same physical acts. For example, if you possess more than one bullet or more than one firearm, et cetera, the statute spells it out, so that's an exception. We don't have that in the Identity Theft Statute in either the part that my client was charged with under Count 5 or in the part of the statute under which he was charged in Count 7. Therefore, there is no exception to the one crime doctrine here, and we would ask that the Court vacate Mr. Howard's conviction for Count 7. Thank you. Thank you. We appreciate the briefs and arguments of counsel. We will take the case under the Boston issue and ruling in default.